# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 13-279V
Filed: November 18, 2016

| | | |
|---|---|---|
| * * * * * * * * * * * * | | UNPUBLISHED |
| LAURA A. JONES, | * | |
| | * | Special Master Gowen |
| Petitioner, | * | |
| | * | Attorneys' Fees and Costs |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * | | |

Barbara D. Bonar, B. Dahlenburg Bonar P.S.C., Covington, KY, for petitioner.
Claudia B. Gangi, United States Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

On April 23, 2013, Laura A. Jones ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] Petitioner alleged that as a result of receiving a Tetanus-Diphtheria-acellular-Pertussis ("TDaP") vaccine on April 22, 2010, she suffered vestibular neuronitis, and that she suffered the residual effects of this injury for more than six months. Stipulation at ¶¶ 2, 4. On September 1, 2016, the parties filed a stipulation in which they stated that a decision should be entered awarding compensation, and a Decision awarding compensation pursuant to the terms of the stipulation was issued that same day.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to 34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

On September 22, 2016, petitioner filed a motion for attorneys' fees and costs, requesting $81,695.00 in attorneys' fees and $17,750.49 in attorneys' costs, for a total fees and costs request of $99,445.49. Petitioner's ("Pet.") Application ("App.") at 1, 7. Pursuant to General Order #9, petitioner states that she has not incurred any costs in this matter. Pet. Ex. 8, Pet. Affidavit. Respondent filed a response to petitioner's application on October 11, 2016, stating:

> Based on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims, respondent asserts that a reasonable amount for fees and costs in the present case would fall between $42,000.00 and $63,000.00. Respondent therefore respectfully recommends that the . . . Special Master exercise [his] discretion and determine a reasonable award for attorneys' fees and costs within that range.

Resp. Resp. at 3 (internal footnote omitted). Petitioner did not file a reply. This matter is now ripe for adjudication.

## I. Discussion

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation. 42 U.S.C. § 300aa-15(e)(1). In the present case, petitioner was awarded compensation pursuant to a joint stipulation agreement. Therefore, petitioner is entitled to an award of reasonable attorneys' fees and costs.

### a. Reasonable Attorneys' Fees

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008). Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorneys' fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings. Id. at 1348.

Under the Vaccine Act, a reasonable hourly rate is "the prevailing market rate defined as the rate prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Avera, 515 F.3d at 1347-48 (internal quotations omitted). In determining an award of attorneys' fees, a court should generally use the forum rate, i.e., the District of Columbia rate unless the bulk of an attorney's work is performed outside of the forum, and where there is a "very significant" difference in compensation rates between the place where the work was performed and the forum. Id. at 1348-49 (citing Davis County Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the

name of the person performing the service.  See Savin v. Sec'y of Health & Human Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in his experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners notice and opportunity to respond.  See Sabella v. Sec'y of Health & Human Servs., 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  Broekelschen v. Sec'y of Health & Human Servs., 102 Fed. Cl. 719, 729 (Fed. Cl. 2011).

       i.    **Hourly Rates**

Petitioner requests rates of $385 per hour for Barbara Bonar and $250 per hour for Otwell Rankin for work performed from 2013 to 2016.  See generally, Pet. Mot., Ex. 1.  Ms. Bonar states that her hourly rate is reasonable "considering the Cincinnati area prevailing market rate for an attorneys' services and Petitioner's counsel's thirty-two (32) years' experience practicing law."  Pet. Mot. at 3.  As an initial matter, I find that the Cincinnati area is the appropriate area to look at in order to determine prevailing local rates.  It appears that her practice is focused in the Cincinnati metropolitan area.  Ms. Bonar's office is located in Covington, Kentucky, which lies just south of Cincinnati, Ohio, across the Ohio River.  Ms. Bonar is admitted to practice in Kentucky and Ohio.  Pet. Mot., Ex. 2 at 1.  While petitioner lived in Greensboro, North Carolina, at the time the petition was filed, she relocated to Cincinnati, Ohio, to rely on her family for support.  Pet. Pre-Hearing Submission at 2.  Accordingly, it is evident that Ms. Bonar's practice encompasses the Cincinnati area and that her location in the Cincinnati area, close to petitioner's family, was likely pertinent to her being chosen as counsel in this case, as petitioners often prefer to retain counsel from their own geographic area.

In support of the requested rates, Ms. Bonar cited a 2005 fee-shifting case from the United States District Court for the Southern District of Ohio, Western Division, in which the court awarded a rate of $385 per hour for plaintiff's lead trial attorney and $250 per hour for plaintiff's second trial attorney.  Pet. Mot., Ex. 3, Jorling v. Habilitation Services, Inc., No. 1:03CV00073, 2005 WL 1657060, at *11 (S.D. Ohio 2005).  In Jorling, counsel was awarded fees pursuant to the Age Discrimination in Employment Act ("ADEA"), which entitled the prevailing party to recover reasonable attorneys' fees and costs.  2005 WL 1657060, at *11.  The court in Jorling did not state exactly how many years of experience counsel had.  However, Ms. Bonar cites the case as an example of rates awarded to attorneys with "comparable experience" to petitioner's counsel.  Pet. Mot. at 3-4.  Respondent did not submit evidence as to the prevailing rates in the Cincinnati area.

"When the parties do not provide reliable [or sufficient] evidence, the court can look to other evidence to establish a reasonable hourly rate."  Dougherty v. Sec'y of Health & Human Servs., No. 05-700V, 2011 WL 5357816 at *6 (Fed. Cl. Spec. Mstr. Oct. 14, 2011) (citing Rupert ex rel. Rupert v. Sec'y of Health & Human Servs., 52 Fed. Cl. 684, 688–89 (2002)).  In the Southern District of Ohio, which encompasses Cincinnati, judges often reference the "Rubin

3

Committee" rates when determining reasonable attorneys' fees.  See, e.g. Gutter Topper, Ltd. v. Sigman & Sigman Gutters, Inc., 2015 WL 5016503, at *4 (S.D. Ohio Aug. 25, 2015); Michel v. WM Healthcare Solutions, Inc., 2014 WL 497031, at *21 (S.D. Ohio Feb. 7, 2014); West v. AK Steel Corp. Ret. Acc. Pension Plan, 657 F. Supp. 2d 914, 932 (S.D. Ohio 2009); Kindel v. Continental Casualty Co., 2005 WL 1241975, at *4-5 (S.D. Ohio May 25, 2005).  The Rubin Committee rates are an attorney fees rubric for the Cincinnati area developed in 1983.  Gutter, 2015 WL 5016503, at *4; Kindel, 2005 WL 1241975, at *4.  Judges in the Southern District of Ohio have applied the Rubin Committee rates with a 4% annual cost-of-living adjustment. Gutter, 2015 WL 5016503, at *4 (citing Hunter v. Hamilton County Board of Elections, 2013 WL 5467751 (S.D. Ohio Sept. 30, 2013); Georgia-Pacific LLC v. American International Specialty Lines Insurance Co., 278 F.R.D. 187 (Jan. 29, 2010)).  The 1983 Rubin Committee rates, and the rates adjusted for 2013 through 2016, are:

| Experience  | 1983     | 2013     | 2014     | 2015     | 2016     |
|-------------|----------|----------|----------|----------|----------|
| 0-2 years   | $61.77   | $200.34  | $208.36  | $216.69  | $225.36  |
| 2-4 years   | $71.62   | $232.29  | $241.58  | $251.25  | $261.30  |
| 4-5 years   | $82.81   | $268.59  | $279.33  | $290.50  | $302.12  |
| 6-10 years  | $96.39   | $312.63  | $325.14  | $338.14  | $351.67  |
| 11-20 years | $113.43  | $367.90  | $382.61  | $397.92  | $413.84  |
| 21+ years   | $128.34  | $416.26  | $432.91  | $450.22  | $468.23  |

Id. (citing West, 657 F. Supp. 2d at 932 n.4).

Ms. Bonar was admitted to the Kentucky bar in 1984, and to the Ohio bar in 1990.  Pet. Mot., Ex. 2 at 1.  Thus, Ms. Bonar falls into the category of attorneys with more than 21 years of experience for the years 2013 through 2016, and her adjusted Rubin rates are as follows: $416.26 for 2013; $432.91 for 2014; $450.22 for 2015; and $468.23 for 2016.  Mr. Rankin was admitted to the Ohio bar in November 2009.  See Pet. Mot., Ex. 4 at 1.  Thus, he fell into the category of attorneys with 4-5 years of experience in 2013, and the category of attorneys with 6-10 years of experience thereafter.  Mr. Rankin's adjusted Rubin rates for 2013 through 2016 are: $268.59 for 2013; $325.14 for 2014; $338.14 for 2015; and $351.67 for 2016.

The cases that have looked at the Rubin rates to assess reasonable attorneys' fees involved fee-shifting statutes that awarded fees to the prevailing party.  See, e.g. Hunter, 2013 WL 5467751, at *6 (attorney fees under 42 U.S.C. § 1988, which provides that the Court may award a reasonable attorney's fee to prevailing parties as part of costs in an action brought under 42 U.S.C. § 1983); West, 657 F. Supp. 2d 914, 919 (award of attorney's fees as prevailing parties under ERISA); Gutter, 2015 WL 5016503, at *3 (attorney fees as an "exceptional case" under the Lanham Act).  In circumstances where the fee award depends on prevailing, I have concluded in McCulloch that the rate awarded includes a risk premium.  In McCulloch, I eliminated the risk premium included in such rates by awarding reduced rates for vaccine cases by 18.3%.  See McCulloch v. Sec'y of Health and Human Servs., No. 09-293V, 2015 WL 5634323, *17-19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).  The above adjusted Rubin rates, reduced by 18.3% each, are:

4

Ms. Bonar:
2013: $340.08
2014: $353.69
2015: $367.83
2016: $382.54

Mr. Rankin:
2013: $219.44
2014: $265.64
2015: $276.26
2016: $287.31

Based on the evidence submitted by petitioner and consideration of the adjusted Rubin rates, as frequently relied upon by federal judges in the Southern District of Ohio, I find that the local rates are well within the forum rate categories that I found reasonable in McCulloch. Ms. Bonar's fee award shall therefore be based on the forum rates. Forum rates should be awarded except where local rates are very significantly different than forum rates. Avera, 515 F.3d at 1348; Davis County, 169 F.3d at 758; Garrison v. Sec'y of Health & Human Servs., No. 14-762V, 2016 WL 3022076 (Apr. 29, 2016), aff'd, 2016 WL 4784054 (Fed. Cl. 2016). I recently ruled on the issue of appropriate hourly forum rates in McCulloch, 2015 WL 5634323. Pursuant to McCulloch, the following ranges of rates are appropriate depending on an attorney's years of experience: $350 to $425 per hour for attorneys with more than 20 years of experience, $225 to $300 per hour for attorneys with 4 to 7 years of experience, and $150 to $225 per hour for attorneys with less than 4 years of experience. McCulloch, 2015 WL 5634323, at *19. In this case, the local and forum rates are not very significantly different and therefore the analysis of reasonable forum rates as set forth in McCulloch will be applied.

I find the rate of $385 per hour requested by Ms. Bonar reasonable. Ms. Bonar has thirty-two years of legal experience, and based on a search of CM/ECF, she has had over fifteen cases in the Program. See Pet. Mot., Ex. 2 at 1. She has requested the same rate for work performed from 2013 to 2016, and the rate is appropriate under McCulloch based on her years of experience.

I find the rate of $250 per hour requested for Mr. Rankin a reasonable rate for the period during which Mr. Rankin had 4-7 years of experience. However, a downward adjustment is warranted for the time period during which Mr. Rankin had less than 4 years of experience. As of November 2016, Mr. Rankin has six years of experience. Thus, prior to November 2014, Mr. Rankin had less than 4 years of experience. In McCulloch, I determined ranges of reasonable forum rates based on attorneys' years of legal experience, and the experience categories differentiated attorneys with less than 4 years of experience from those with 4 to 7 years of experience. 2015 WL 5634323, at *19. Using the McCulloch framework, Mr. Rankin would fall into a lower rate category for the period of time during which he had less than 4 years of experience. In McCulloch, all other factors being equal, the rate range for an attorney with less than 4 years of experience was $75 less than the rate range for an attorney with 4 to 7 years of

experience.[3]  Accordingly, I find a rate of $250 per hour reasonable for the 63.50 hours of work performed after November 2014, and a rate of $175 reasonable for the 25.35 hours of work performed by Mr. Rankin prior to November 2014.

### ii. Hours Expended

Petitioner requests compensation for 154.50 hours of work performed by Ms. Bonar and 88.85 hours of work performed by Mr. Rankin. Pet. Mot., Ex. 1 at 16. I find the majority of time expended reasonable. This case involved vestibular neuronitis, an injury not commonly seen in the Program, and was heavily litigated. A tentative settlement was not reached until three months before the scheduled entitlement hearing, after petitioner had filed her pre-hearing submissions. Ultimately, however, the case did settle and Ms. Bonar obtained a good result for petitioner.

On review of the billing record, I note that Ms. Bonar billed numerous increments of .15 hours or more for reviewing various routine electronic case notices on CM/ECF. See generally, Pet. Mot., Ex. 1. For example, Ms. Bonar billed .15 hours on April 24, 2013, for "Receipt and review [of] Notice of Designation of ECF," .15 hours on April 25, 2013, for "Receipt and review of Notice of Assignment to Special Judge," .15 hours on April 30, 2013, for "Receipt and review [of] Notice of Appearance of Claudia Gangi." Id. at 1-2. Indeed, .15 hours (9 minutes) appears to be Ms. Bonar's smallest billing increment. Petitioner's counsel should not need 9 minutes or more to review these routine orders, and I will reduce Ms. Bonar's billing for these tasks by 1/3. These billing entries total 6.00 hours. See Pet. Mot., Ex. 1 at 1-14. Accordingly, I will reduce the hours billed by Ms. Bonar by 2.00 hours.

In addition, counsel's billing record contains a total of 3.35 hours spent by Ms. Bonar preparing and filing exhibits and 1.15 hours spent by Mr. Rankin on the same (.75 hours in 2013 and .40 hours in 2016). Pet. Mot., Ex. 1 at 1-14 (e.g., "Prepare for filing/ file additional medical records/ file status report with the Court"; "Finalized medical records to file."). Preparing and filing exhibits is a paralegal task. See Mostovoy v. Sec'y of Health & Human Servs., No. 02-10V, 2016 WL 720969, at *5 (Fed. Cl. Spec. Mstr. Feb. 4, 2016). Attorneys may be compensated for paralegal-level work, but at a rate that is comparable to what would be paid for a paralegal. Doe/11 v. Sec'y of Health & Human Servs., No. XX-XXXV, 2010 WL 529425, at *9-10 (Fed. Cl. Spec. Mstr. Jan. 29, 2010) (citing Missouri v. Jenkins, 491 U.S. 274, 288 (1989)). "It is the nature of the work, not the title or education of the person performing it, that determines whether it is legal, paralegal, or secretarial/clerical in nature." Id. The parties have not submitted evidence regarding Cincinnati paralegal rates. However, based on my experience in the Program, I find a reasonable paralegal rate in this case to be $135 per hour. Accordingly, 3.35 hours of Ms. Bonar's time, .75 hours of Mr. Rankin's 2013 time, and .40 hours of Mr. Rankin's 2016 time will be compensated at a rate of $135 per hour.

### b. Costs

---

[3] In McCulloch, the rate range for attorneys with 4 to 7 years of experience was $225 to $300 per hour. 2015 WL 5634323, at *19. The range for attorneys with less than 4 years of experience was $150 to $225 per hour. Id.

Like attorneys' fees, a request for reimbursement of costs must be reasonable. Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests $17,750.49 in costs. Pet. Mot., Ex. 1 at 16. The requested costs consist primarily of expert fees, medical records, and fax costs. Id. at 15-16. I find the majority of the requested costs reasonable, with the following exception. Petitioner requests $10,625.00 in costs for Dr. Jeffery Kuhn, an otoneurologist. Pet. Mot., Ex. 6. Dr. Kuhn billed 21 hours at a rate of $625 per hour. Id.; Pet. Mot. at 5. A rate of $625 per hour is higher than the highest rate, $500 per hour, that I have awarded to any expert in the Program. Dr. Kuhn's rate will be reduced to $500 per hour.

## II. Conclusion

The undersigned finds a total attorneys' fees and costs award of $93,235.74 reasonable. Respondent makes a general suggestion that "[b]ased on a survey of fee awards in similar cases and her experience litigating Vaccine Act claims. . . a reasonable amount for fees and costs in the present case would fall between $42,000.00 and $63,000.00." Resp's Resp. at 3. I am impressed, however, that the number of hours expended by counsel in preparing a given case has greater reference to individual complexities of the case, rather than to general similarities of procedural history or other general categories of cases. The time records of counsel provide the best evidence of hours expended. As respondent states, special masters are accorded "wide discretion in determining the reasonableness of a petitioner's request for reasonable attorneys' fees and costs," and "may rely on their prior experience in making reasonable fee determinations." Id. at 2 (internal quotations and citations omitted). Upon review of the documentation of the requested attorneys' fees and costs, and based on my experience with the Vaccine Act and its attorneys, I find a total of $93,235.74 reasonable.

Attorneys' fees and costs are awarded as follows:

> **(1) A lump sum of $93,235.74 in the form of a check payable jointly to petitioner and petitioner's counsel of record, Barbara D. Bonar, of B. Dahlenburg Bonar P.S.C., for attorneys' fees and costs.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment forthwith.[4]

**IT IS SO ORDERED.**

s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of a notice renouncing the right to seek review.